UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID E. THOMPSON, SR., | Case No. C08-705-RSM-JPD |
| Plaintiff, | |
| v. | |
| SKAGIT COUNTY PUBLIC DEFENDERS, | REPORT AND RECOMMENDATION |
| Defendants. | |

Plaintiff David E. Thompson, Sr. has filed an application to proceed *in forma pauperis* ("IFP") in this proposed civil rights lawsuit against defendants Skagit County Public Defenders. Dkt. No. 1. Plaintiff alleges that the defendant did not "protect plaintiff's rights or give proper representation in court." Dkt. No. 1 at 2. As a result, he argues, Plaintiff suffered a deprivation of justice, cruel and inhumane treatment, physical and deprivation of constitutional rights. *Id.* He also alleges that defendant's actions subjected him to further deprivation of rights under the American with Disabilities Act "because of prejudice against cripples in their county." *Id.* Plaintiff seeks monetary compensation and restoration of his rights. *Id.* After careful consideration of plaintiff's IFP application, proposed complaint, the governing law and the balance of the record, the Court ORDERS as follows:

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed

REPORT AND RECOMMENDATION
PAGE – 1

IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

Here, plaintiff fails to plead a sufficient 42 U.S.C. § 1983 complaint, and as such fails to state a complaint upon which relief may be granted. Section 1983 requires that the violation of rights alleged be "proximately caused by conduct of a person acting under color of state law." *Crumpton v Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Though plaintiff alleges that the defendant has violated his constitutional rights, the Skagit County Public Defenders is not a "person acting under color of state law" for purposes of a § 1983 complaint. "[A] public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant." *Georgia v. McCollum*, 505 U.S. 42, 53 (1992). If the plaintiff believes the defendant has committed malpractice in his representation, he may sue him under those grounds but not under § 1983.

Furthermore, any attempts to cure the extreme deficiencies in this case would be futile. Because this action fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6). The fact that plaintiff is not a prisoner does not change this conclusion. *See Lopez v. Smit*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

The Court advises plaintiff of his responsibility to research the facts and law before filing a complaint in order to determine whether his claim for relief is frivolous. If Plaintiff files a frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. The Court would likely impose a sanction of dismissal on any frivolous complaint. If plaintiff files numerous frivolous or malicious complaints, the Court may bar him from proceeding in this court. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar order requirements).

Because of the deficiencies in plaintiff's complaint, his request to proceed IFP should

01 be DENIED and this case DISMISSED without prejudice.  28 U.S.C. § 1915(e)(2)(B).  A
02 proposed Order of Dismissal accompanies this Report and Recommendation.  If plaintiff
03 believes that the deficiencies outlined herein can be cured by an amendment to his complaint,
04 he should lodge an amended complaint as a part of his objections, if any, to this Report and
05 Recommendation.

06     DATED this 2nd day of June, 2008.

                                        /s/ James P. Donohue
                                        JAMES P. DONOHUE
                                        United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 3